IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF
SPOKANE DIVISION

| | |
|---|---|
| JOANNE WEBB,<br><br>　　　　Plaintiff,<br>vs.<br><br>KELSEY HILDERBRAND AND HIGH MOUNTAIN HUNTING SUPPLY, LLC,<br><br>　　　　Defendants. | NO. 14-118<br><br>PLAINTIFF'S COMPLAINT FOR INJUNCTIVE RELIEF, DAMAGES, AND JURY TRIAL FOR VIOLATIONS OF THE UNIFORMED SERVICES EMPLOYMENT AND REEMPLOYMENT RIGHTS ACT<br><br>EXEMPT FROM FILING FEES UNDER TO 38 U.S.C.§ 4323 (h)(1) |

COMES NOW Plaintiff JOANNE WEBB, by and through her attorneys, and alleges:

## I. PARTIES

1.　Plaintiff, JOANNE WEBB (hereinafter "Ms. Webb" or "Plaintiff") resided in the State of Washington at all times pertinent hereto.

2.　Defendant, HIGH MOUNTAIN HUNTING SUPPLY, LLC., is a Washington Corporation licensed to conduct business within the State of Washington, and its registered agent identified as KELSEY HILDERBRAND, 2635 Indy Lane, Wenatchee, Washington, 98801

3.　Defendant, KELSEY HILDERBRAND is an employee and a member and an agent of High Mountain Hunting Supply, LLC., and was a primary decision maker regarding Defendants' refusal to reemploy JoAnne Webb, and he caused the hostile work environment related to her military service.

4.　JOANNE WEBB was an employee of HIGH MOUNTAIN HUNTING SUPPLY, LLC., at all times pertinent hereto.

5.　For the purposes of 38 U.S.C. § 4303(4), Defendant, HIGH MOUNTAIN

PLAINTIFF'S COMPLAINT FOR INJUCTIVE RELIEF, DAMAGES, AND JURY TRIAL FOR VIOLATIONS OF THE UNIFORMED SERVICES EMPLOYMENT AND REEMPLOYMENT RIGHTS ACT - 1

The Steinberg Law Firm
Charles R. Steinberg
323 North Miller Street
Wenatchee, WA 98801
(509) 662-3202

HUNTING SUPPLY, LLC., is a private employer operating within the state of Washington.

## II. JURISDICTION AND VENUE

6. The Federal Court for the Eastern District of Washington has personal jurisdiction over the parties because they have sufficient contacts with this District and reside in this district.

7. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because the claims in this complaint arise out of the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. §§ 4301 *et seq.* (hereinafter "USERRA" of the "Act"), which confers subject matter jurisdiction on this Court pursuant to 38 U.S.C. § 4323(b)(3).

8. Venue is proper in the Federal Court for the Eastern District of Washington, under 38 U.S.C. § 4323(c) and 28 U.S.C. § 1391(b) because the acts and omissions in this complaint occurred in this District.

## III. FACTS

9. Plaintiff re-alleges paragraphs 1 through 8.

10. JOANNE WEBB is a member of the Washington State Air National Guard.

11. All of JOANNE WEBB's military records reflect honorable military service.

12. JOANNE WEBB's applicable military service periods do not exceed five years.

13. JOANNE WEBB began working for Defendants in April 2012, at the Wenatchee, Washington location as an executive assistant, with an annual salary of $30,000.00, plus two weeks paid vacation.

14. JoAnne Webb held the position of Executive Assistant throughout her employment with Defendants and never received any written counseling, disciplinary action, or negative performance evaluations, until she advised her direct supervisor, Mr. Dewey McGowan that she needed to take leave for military training school. She presented a written request form for military leave. In response, Mr. Dewey McGowan told Joanne Webb on October 16, 2012 that "she may be fired for this" and "to start looking for another job." At the time, it is believed that DEWEY MCGOWAN was acting as the agent for Kelsey Hilderbrand, and as speaking agent for HIGH MOUNTAIN HUNTING SUPPLY, LLC. This made JoAnne Webb feel that she was working in a very hostile work environment, and a highly discriminatory employer in Kelsey Hilderbrand.

| PLAINTIFF'S COMPLAINT FOR INJUCTIVE RELIEF, DAMAGES, AND JURY TRIAL FOR VIOLATIONS OF THE UNIFORMED SERVICES EMPLOYMENT AND REEMPLOYMENT RIGHTS ACT - 2 | The Steinberg Law Firm<br>Charles R. Steinberg<br>323 North Miller Street<br>Wenatchee, WA 98801<br>(509) 662-3202 |
|---|---|

15. Before and during her employment, JOANNE WEBB gave Defendants notice that she is a member of the Washington Air National Guard.

16. As Executive Assistant, JOANNE WEBB's responsibilities included the handling of all financial information and processing for both stores, payroll, and financial items, as directed by KELSEY HILDERBRAND.

17. On October 16, 2012, JOANNE WEBB was in a meeting with DEWEY MCGOWAN, (a listed member of the LLC, according to State of Washington Secretary of State Records). During that meeting JOANNE WEBB advised DEWEY MCGOWAN that her military service required tech school in Texas, and you would be on leave from Mid Janaury 2013, to the end of April, 2013.

18. At that meeting Dewey McGowan advised Plaintiff JOANNE WEBB that "She better start looking for another job, or because you may be fired." At a meeting on October 19, 2012, with Kelsey Hilderbrand, Kelsey Hilderbrand advised JoAnne Webb that it looked like they were going to replace JOANNE WEBB with Leah, while JOANNE was "gone."

19. On October 24, 2012, JOANNE WEBB was ill, and had called in sick. She received telephone calls at home that day from work, wanting confidential banking log in information for a third party.

20. On October 25, 2012, Evan, a co-worker was transferred to JoAnne Webb, and Evan proceeded to yell and scream at JOANNE WEBB on the telephone regarding another one of his drawer errors.

21. On October 25, 2012, JoAnne Webb was advised that she was being written up for the problems regarding Evan, and was told by Kelsey Hilderbrand, that her job was on the line. Evan's problems were his drawer errors, and there were cash errors, and items not matching, and JoAnne should not have been written up for it. The write up was a pretext, and shows Kelsey's hostility to JoAnne Webb's status of a military employee.

22. On November 9, 2012, JoAnne Webb learned that her position was being offered to "Brenda."

23. Prior to departing for military service, JOANNE WEBB didn't get to train her replacement; she instead trained the accountant, Leah.

24. From January 18, 2013 through about May 7, 2013, Joanne Webb reported to military service, for technical school. From May 7, 2013 through August, 2013, JoAnne Webb

| PLAINTIFF'S COMPLAINT FOR INJUCTIVE RELIEF, DAMAGES, AND JURY TRIAL FOR VIOLATIONS OF THE UNIFORMED SERVICES EMPLOYMENT AND REEMPLOYMENT RIGHTS ACT - 3 | The Steinberg Law Firm<br>Charles R. Steinberg<br>323 North Miller Street<br>Wenatchee, WA 98801<br>(509) 662-3202 |
|---|---|

was on active duty orders. From August, 2013-March, 2014 Joanne Webb was on Title X orders for her Deployment in active Air Force service, including which included time spent in Afghanistan.

25. After learning of her needs away from work for Military Service, Defendants informed her that "her job was on the line." And advised her to seek other employment. This demonstrated KELSEY HILDERBRAND's hostility to JoAnne Webb's military service, and made for a threatening, hostile work environment.

26. When she returned from active duty service, and advised her employer that she was able and ready to return to her former position, she was told by Kelsey Hilderbrand, that her former position was not available, and she could be put in a historical records clerk position which is a step down from her previous position.

27. Rather than promptly reemploy and retrain JoAnne Webb, they are denying her reemployment at the position she had when she was called to military service. To this day, Defendants continue to deny JOANNE WEBB her same salary and other benefits of employment.

28. From April 2013 to the present, JOANNE WEBB had kept in contact with her Employer, via text messages, advising them of her deployment, and the need to reemploy her upon her return. HIGH MOUNTAIN HUNTING SUPPLY, LLC instead of meeting their duties under USEERA, decided to continue to treat JoAnne Webb with hostility, rather than offer her her job back. At all times relevant hereto, Defendants had a duty to act in compliance of the law of USERRA and ensure their agents follow the Act. By threatening to fire Joanne Webb and not offering to reemploy her at her job when she left, it created a hostile work environment, and made it not practical for JoAnne Webb to return to work.

29. To the extent that Defendants allege that the application of any State law, local law or ordinance, contract, agreement, policy, plan practice, or other matter constitutes any limitation on JOANNE WEBB's rights under USERRA, it is illegal, inapplicable, null, void and has no force or effect pursuant to 38 U.S.C. § 4302.

### IV. CAUSES OF ACTION

30. Plaintiff re-alleges paragraphs 1 through 33.
31. Defendants violated JOANNE WEBB's rights as guaranteed by USERRA, including but not limited to: § 4311 discrimination and retaliation in employment; §§ 4323, 4313

reemployment rights; and § 4316 and 20 C.F.R.§ 1002.247, rights and benefits of persons absent from employment for service in the armed forces.

36. Plaintiff was injured by Defendants' actions.

37. Defendants' actions were a direct and proximate cause of Plaintiff's injuries and damages.

**(CAUSE OF ACTION NO.1, DISCRIMINATION IN VIOLATION OF 38 U.S.C.§ 4322(a)**

38. Plaintiff re-alleges paragraphs 1 through 37.

39. Defendants' actions violated JOANNE WEBB's USERRA rights such that JOANNE WEBB's obligation to perform service in the uniformed service was a motivating factor in decisions by Defendants which adversely affected her employment.

40. Defendants unlawfully discriminated against JOANNE WEBB by, among other things, denying her employment and benefits of employment on the basis of her membership, service, or obligation to perform service in the uniformed service, a right provided by USERRA.

**(CAUSE OF ACTION NO.2, DISCRIMINATION IN VIOLATION OF 38 U.S.C. § 433(c)**

41. Plaintiff re-alleges paragraphs 1 through 40.

42. Defendants' actions caused the violation of JOANNE WEBB's USERRA rights such that JOANNE WEBB's action to enforce a protection afforded her under USERRA, or to exercise a right provided by USERRA, was a motivating factor in Defendant's decisions to deny JOANNE WEBB employment and benefits of employment.

43. Defendants unlawfully retaliated against JOANNE WEBB by, among other ways, negligently denying JOANNE WEBB employment and benefits of employment because she took action to enforce a protection afforded him under USERRA or to exercise a right provided by USERRA such as making complaints.

**(CAUSE OF ACTION NO.3, VIOLATION OF 38 U.S.C. §§ 4312 & 4313)**

44. Plaintiff re-alleges paragraphs 1 through 43.

45. Defendants' actions violated 38 U.S.C. §§ 4312 and 4313 by, among other things, failing to promptly reemploy and retrain JOANNE WEBB in a position of seniority with other rights and benefits determined by seniority, plus the additional seniority, and rights, and benefits, or other position that JOANNE WEBB would have attained had she remained continuously employed.

PLAINTIFF'S COMPLAINT FOR INJUCTIVE RELIEF, DAMAGES, AND JURY TRIAL FOR VIOLATIONS OF THE UNIFORMED SERVICES EMPLOYMENT AND REEMPLOYMENT RIGHTS ACT - 5

The Steinberg Law Firm
Charles R. Steinberg
323 North Miller Street
Wenatchee, WA 98801
(509) 662-3202

**(CAUSE OF ACTION NO.4, VIOLATION OF 38 U.S.C. § 4316)**

46. Plaintiff re-alleges paragraphs 1 through 45.

47. Defendants violated 38 U.S.C. § 4316 by, among other things, denying JOANNE WEBB the rights and benefits determined by seniority and such other rights and benefits not determined by seniority JOANNE WEBB would have attained if she had remained continuously employed.

**(CAUSE OF ACTION NO.5, WILLFUL VIOLATIONS – 38 U.S.C.§ 4323)**

48. Plaintiff re-alleges paragraphs 1 through 47.

49. Defendants' conduct was willful as defined by 38 U.S.C. § 4323 (d), 20 C.F.R. § 1002.312 (c), because JOANNE WEBB has given Defendants notices that their actions violated USERRA and Defendants showed reckless disregard for the matter.

## V. **PRAYER FOR RELIEF**

1. JOANNE WEBB respectfully demands a jury trial and further to be awarded compensation for all injury and damage suffered. To wit:

    a. both economic and non-economic damages in the amount to be proven at trial including back pay, front pay, lost benefits of employment, and negative tax consequences of any award;

    b. liquidated damages, exemplary damages, and punitive damages as provided by law; and,

    c. reasonable attorney and expert fees, and costs, pursuant to 38 U.S.C. § 4323 and as otherwise provided by law.

2. Under USERRA, a court may order equitable remedies, including reinstatement and recoupment of any loss of wages or benefits. § 4323 (d)(1)(A,B).

3. USERRA also empowers a court to use "its full equity powers, including temporary or permanent injunctions, temporary restraining orders, and contempt orders, to vindicate fully the rights or benefits" of the service member. § 4323 (h)(2).

4. Based on the violations discussed previously, Plaintiff asks the Court for the following:

    a. Declare that Defendants' failure to reemploy Plaintiff, in part because of her military service, was unlawful and violated 38 U.S.C.§ 4311 (a).

PLAINTIFF'S COMPLAINT FOR INJUCTIVE RELIEF, DAMAGES, AND JURY TRIAL FOR VIOLATIONS OF THE UNIFORMED SERVICES EMPLOYMENT AND REEMPLOYMENT RIGHTS ACT - 6

The Steinberg Law Firm
Charles R. Steinberg
323 North Miller Street
Wenatchee, WA 98801
(509) 662-3202

b. Declare that Defendants' failure to reemploy Plaintiff, in part because JOANNE WEBB took action to enforce protections afforded to her under USERRA, is a retaliatory action in violation of 38 U.S.C. § 4331 (b);

c. Declare that Defendants' failure to reemploy Plaintiff was unlawful and violated 38 U.S.C. §§ 4312, 4313;

d. Declare that Defendants' failure to provide JOANNE WEBB with the rights and benefits JOANNE WEBB would have attained if she had remained continuously employed was unlawful and violated 38 U.S.C. § 4316.

e. Declare that Defendants' violations of USERRA were willful pursuant to 38 U.S.C. § 4323 (d)(1)(c);

f. Order Defendants to pay Plaintiff lost wages incurred and value benefits lost, including lost retirement contributions, between Plaintiff's MARCH, 2014 attempt to return to work and the present;

g. Order Defendants to pay prejudgment interest on the amount of wages and lost benefits found due;

h. Order Defendants to pay liquidated damages in the amount of lost wages and value of benefits calculated in Paragraph 59 pursuant to 38 U.S.C. § 4323 (d)(1)(c); and

i. Order such other relief as may be just and proper.

RESPECTFULLY submitted this 1st day of April, 2014

STEINBERG LAW FIRM, P.S.

_____
Charles R. Steinberg, WSBA #23980
Attorney for Plaintiff
323 N. Miller
Wenatchee, WA 98801
Phone: (509)662-3202
Fax: (509)662-5221

PLAINTIFF'S COMPLAINT FOR INJUCTIVE RELIEF, DAMAGES, AND JURY TRIAL FOR VIOLATIONS OF THE UNIFORMED SERVICES EMPLOYMENT AND REEMPLOYMENT RIGHTS ACT - 7

The Steinberg Law Firm
Charles R. Steinberg
323 North Miller Street
Wenatchee, WA 98801
(509) 662-3202

I, Joanne Webb, hereby state that I have reviewed the forgoing complaint, know the contents thereof, and believe same to be true and accurate, under penalty of perjury under the laws of the State of Washington.

Dated this 1st day of April, 2014, at Wenatchee, Washington.

*Joanne M. Webb*
JOANNE WEBB

PLAINTIFF'S COMPLAINT FOR INJUCTIVE RELIEF, DAMAGES, AND JURY TRIAL FOR VIOLATIONS OF THE UNIFORMED SERVICES EMPLOYMENT AND REEMPLOYMENT RIGHTS ACT - 8

The Steinberg Law Firm
Charles R. Steinberg
323 North Miller Street
Wenatchee, WA 98801
(509) 662-3202